34 F.3d 1080
 32 U.S.P.Q.2d 1798
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SURGICAL LASER TECHNOLOGIES, Plaintiff-Appellant,
v.
LASER INDUSTRIES, LTD. and Sharplan Lasers, Inc.,
Defendants/Cross-Appellants.
 Nos. 94-1027, 94-1035.
 United States Court of Appeals, Federal Circuit.
 Aug. 22, 1994.
 
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Surgical Laser Technologies (SLT) appeals the April 13, 1993 judgment of the United States District Court for the Eastern District of Pennsylvania, inter alia, entering judgment as a matter of law (JMOL) of noninfringement by Laser Industries, Ltd. and Sharplan Lasers, Inc. (collectively Sharplan) of U.S. Patent No. 4,693,244, notwithstanding the jury verdict of infringement. The Pennsylvania district court entered JMOL in accordance with the law of the case established by the July 8, 1991 grant of partial summary judgment of noninfringement by the United States District Court for the District of New Jersey, from which the case was transferred. Surgical Laser Technologies, Inc. v. Laser Indus., Ltd., No. 91-CV-3068 (E.D.Pa. Apr. 13, 1993). Sharplan cross-appeals those portions of the Pennsylvania district court judgment finding Sharplan liable for infringement. We reverse-in-part and affirm-in-part.
 
 
 2
 * SLT and Sharplan Lasers, Inc. manufacture and sell medical laser probes used in surgical procedures. Sharplan Lasers, Inc. is a wholly-owned subsidiary of Laser Industries, Ltd. SLT owns three patents pertaining to medical laser probes: U.S. Patent Nos. 4,693,244, 4,736,743, and 4,592,353. On May 9, 1990, SLT filed suit in the U.S. District Court for the District of New Jersey alleging willful infringement by Sharplan Lasers, Inc. of all three SLT patents. On March 14, 1991, SLT joined Laser Industries, Ltd. as a defendant. Sharplan filed a counterclaim seeking a declaratory judgment of invalidity of the SLT patents.
 
 
 3
 On April 26, 1991, Sharplan obtained the assignment of the right to sue for past infringement damages under two patents, U.S. Patents No. 4,126,136 and 4,273,127, respectively directed at a laser scalpel and a method for cutting and coagulating tissue with a laser. On May 13, 1991, SLT filed a declaratory judgment action in the U.S. District Court for the Eastern District of Pennsylvania alleging invalidity and noninfringement of Sharplan's two patents. Sharplan filed a counterclaim alleging infringement by SLT of Sharplan's '127 patent.
 
 
 4
 In the New Jersey action, the parties filed cross-motions for summary judgment. The New Jersey district court issued an order, inter alia, denying SLT's motion for summary judgment of infringement of the '244 patent. Surgical Laser Technologies, Inc. v. Sharplan Lasers, Inc., No. 90-1819, slip op. at 1-2 (D.N.J. July 8, 1991) (order). In ruling on SLT's motion, the district court held that in light of the prosecution history, Claim 1 of the '244 patent must be construed so as to preclude coverage of sapphire tips such as Sharplan's accused Conical Sapphire Probe Tips. Surgical Laser Technologies, Inc. v. Sharplan Lasers, Inc., No. 90-1819, slip op. at 56-57 (D.N.J. July 8, 1991) (opinion). On January 11, 1993, the New Jersey district court transferred the case to the Pennsylvania district court for consolidation for trial with SLT's pending declaratory judgment action. Notwithstanding the New Jersey district court's partial summary judgment ruling, the parties agreed to submit to the jury, inter alia, the question whether Sharplan's Conical Sapphire Probe Tips infringed Claim 1 or Claim 3 of the '244 patent. The Pennsylvania district court consented to this procedure to avoid remand for trial on these issues if the New Jersey district court ruling was reversed on appeal.
 
 
 5
 The jury verdict was consistent with the New Jersey summary judgment ruling except on the issue of infringement of Claim 1 and Claim 3 of the '244 patent by Sharplan's Conical Sapphire Probe Tips. The verdict returned by the jury stated, inter alia, that Sharplan's Conical Sapphire Probe Tips infringed Claim 1 and Claim 3 of the '244 patent literally. Surgical Laser Technologies, Inc. v. Laser Indus., Ltd., No. 91-CV-3068, slip op. at 2-3 (E.D.Pa. Apr. 13, 1993). Deferring to the New Jersey district court ruling as law of the case, however, the Pennsylvania district court entered JMOL of noninfringement notwithstanding the jury verdict. Id.
 
 
 6
 The jury verdict also stated that (1) Sharplan's Sculpted Contact Fibers infringed Claim 1 of the '244 patent under the doctrine of equivalents, (2) Sharplan's flat probes, hemispherical probes, and conical frosted probes infringed various claims of SLT's '353 patent, and (3) Sharplan's probes with carbon coating infringed Claim 1 and Claim 7 of SLT's '743 patent. Id. at 2-3. Sharplan filed both a renewed motion for JMOL with respect to these findings of infringement, and a motion in the alternative for a new trial. The Pennsylvania district court denied both these motions on October 5, 1993. Surgical Laser Technologies, Inc. v. Laser Indus., Ltd., 29 USPQ2d 1533, 1540-41 (E.D.Pa.1993). Both parties timely appealed to this court.
 
 II
 
 7
 We address first SLT's challenge to the Pennsylvania district court's entry of JMOL of noninfringement notwithstanding the jury verdict.* SLT contends that the New Jersey district court ruling upon which the Pennsylvania district court based its entry of JMOL was erroneous. Specifically, SLT asserts that the New Jersey district court improperly granted partial summary judgment of noninfringement because it incorrectly construed Claim 1 of the '244 patent in light of the prosecution history to preclude coverage of sapphire tips such as Sharplan's accused Conical Sapphire Probe Tips.
 
 
 8
 This court reviews de novo a district court's grant of summary judgment. Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994). Furthermore, this court reviews de novo claim construction as a matter of law. In re Donaldson Co., 16 F.3d 1189, 1192, 29 USPQ2d 1845, 1848 (Fed.Cir.1994) (in banc). Claim 1, the sole independent claim of the '244 patent reads in pertinent part:
 
 
 9
 A medical and surgical laser probe for contact laser surgery; the probe optically connected to a laser source through an optical laser guide means; which probe is characterized in that the probe is made of an optically transparent solid material and comprised of a laser beam receiving portion and a tapered portion having a laser beam emitting tip end face; ... (emphasis added)
 
 
 10
 The New Jersey district court found that Claim 1 of the '244 patent application originally set forth a surgical laser probe with an artificial sapphire tip. Surgical Laser Technologies, Inc. v. Sharplan Lasers, Inc., No. 90-1819, slip op. at 56 (D.N.J. July 8, 1991) (opinion). Prior art cited to the patent examiner included a patent disclosing the claimed probe without a sapphire tip, and a patent disclosing the use of sapphire to transmit laser light. The Examiner thus issued a rejection under 35 U.S.C. Sec. 103 (1988) stating that the use of a sapphire tip in the claimed invention would be obvious to one of ordinary skill in the art. The applicant, however, amended Claim 1 to set forth a surgical laser probe with, inter alia, a tip composed of optically transparent solid material. Despite the applicant's recitation of optically transparent solid material, a limitation broader in scope than the originally claimed sapphire, the Examiner allowed the amended Claim 1 to issue. Indeed, the parties do not dispute that artificial sapphire is a member species of the genus optically transparent solid material. The New Jersey district court, however, concluded that "in light of the prosecution history, [Claim 1] is properly interpreted to teach the use of an optically transparent solid material other than artificial sapphire." Id., slip op. at 41 (emphasis in original).
 
 
 11
 The proper interpretation of the scope of a patent claim begins with an examination of the language of the claim, North Am. Vaccine, Inc. v. American Cyanamid Co., 7 F.3d 1571, 1575, 28 USPQ2d 1333, 1336 (Fed.Cir.1993), cert. denied, 114 S.Ct. 1645 (1994), and further requires consideration of the specification and prosecution history of the patent. Read Corp. v. Portec, Inc., 970 F.2d 816, 823, 23 USPQ2d 1426, 1432 (Fed.Cir.1992). While prosecution history limits the scope of claims by excluding any interpretation of the claim language that may have been disclaimed or disavowed during prosecution in order to obtain claim allowance, Zenith Labs., Inc. v. Bristol-Myers Squibb Co., 19 F.3d 1418, 1421, 30 USPQ2d 1285, 1288 (Fed.Cir.1994), where a claim issues that is clearly broader in scope than that which was rejected during prosecution, we "are not permitted to read [those removed limitations] back into the claims." United States v. Telectronics, Inc., 857 F.2d 778, 783, 8 USPQ2d 1217, 1221 (Fed.Cir.1988), cert. denied, 490 U.S. 1046 (1989). We therefore hold that the New Jersey district court erred as a matter of law in construing Claim 1 of the '244 patent to exclude coverage of surgical laser probes with an artificial sapphire tip. That limitation being the sole basis for the district court's ruling, we reverse the New Jersey district court's grant of partial summary judgment of noninfringement of Claim 1 and Claim 3 of the '244 patent by Sharplan's Conical Sapphire Probe Tips. We note that Sharplan conceded at oral argument that the New Jersey district court summary judgment ruling was erroneous.
 
 III
 
 12
 We next turn to the Pennsylvania district court judgment for the remaining issues on appeal. In its cross-appeal, Sharplan challenges the jury's findings of infringement with regard to SLT's '244, '383, and '743 patents. Sharplan's contentions on appeal are identical to the arguments considered and rejected by the Pennsylvania district court in the court's October 5, 1993 denial of Sharplan's renewed motion for JMOL. Regarding a district court's ruling on a motion for JMOL, this court reviews the jury's resolution of factual disputes for substantial evidence, but reviews de novo any conclusion respecting an issue of law based on facts supported by substantial evidence. Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1562 n. 3, 28 USPQ2d 1081, 1085 n. 3 (Fed.Cir.1993), cert. denied, 114 S.Ct. 1540 (1994). We have considered each of Sharplan's arguments thoroughly, and conclude that the jury verdict on each of the issues presented on appeal was premised on proper claim construction and supported by substantial evidence presented at trial.
 
 IV
 
 13
 We also hold that the Pennsylvania district court did not abuse its discretion in denying Sharplan's motion for a new trial.
 
 
 14
 For the reasons set forth, we reverse that portion of the judgment of the Pennsylvania district court entering JMOL in accordance with the New Jersey district court's grant of partial summary judgment of noninfringement of Claim 1 and Claim 3 of the '244 patent by Sharplan's Conical Sapphire Probe Tips. We affirm the remaining portions of the Pennsylvania district court judgment finding Sharplan liable for infringement.
 
 
 15
 No costs.
 
 
 
 *
 As an initial matter, we note the somewhat unusual procedural route this case has followed. With the Pennsylvania district court's consent, the parties agreed to submit to the jury, with newly introduced evidence, questions previously decided by the New Jersey district court ruling on the parties' cross-motions for summary judgment. The Pennsylvania district court agreed to enter JMOL on any verdict in conflict with the New Jersey district court ruling, and to incorporate the partial summary judgment ruling in a final judgment to obviate the Pennsylvania district court's need to conduct a new trial on these issues in the event the ruling was reversed on appeal. Indeed, no post-trial motion for JMOL was made on the issue of infringement of the '244 patent by Sharplan's accused Conical Sapphire Probe Tips. We therefore review directly the merits of the New Jersey district court's grant of summary judgment, rather than review the propriety of the Pennsylvania district court's entry of JMOL